**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CORA LEE MOORER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-64 (LAG) |
| | : | |
| E.C. BARTON & COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion to Remand. (Doc. 5). For the reasons stated below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

This action arises from injuries Plaintiff sustained while shopping at a Home Outlet store on May 28, 2024. (*See* Doc. 2-1 at 3–4). Plaintiff Cora Lee Moorer—a Georgia citizen—was allegedly injured while shopping at Defendant Home Outlet's store in Dougherty County, Georgia. (*Id.* at 3–4; Doc. 2 ¶ 6). Plaintiff alleges that a flatbed utility cart was positioned behind her and that her leg or footwear became entangled with the cart, causing her to fall and sustain multiple injuries. (*See* Doc. 2-1 at 3–4). Defendant E.C. Barton & Company (E.C.) is a foreign corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas. (*Id.* at 1–2; Doc. 2 ¶ 7). As to Defendant Home Outlet—whom Plaintiff names five separate times as a corporation, limited liability company, partnership, trust, and sole proprietorship—Defendant E.C. contends that these entities are not proper legal entities but rather trade names under which Defendant E.C. conducts business. (*See* Docket; Doc. 2 ¶ 8; Doc. 2-1 at 1–2). Plaintiff makes no allegations regarding the citizenship of either Defendant E.C. or Home Outlet in the Complaint. (*See generally* Doc. 2-1 at 1–9).

On January 17, 2025, Plaintiff filed a negligence action against Defendants in the Superior Court of Dougherty County, Georgia. (*Id.* at 1). With respect to damages, Plaintiff does not allege a specific amount; instead, she alleges that her known medical expenses total $30,673.05, but that the full scope of her damages must "be determined by the enlightened conscience of a fair and impartial jury." (*Id.* at 6–7). On April 21, 2025, Defendant E.C. filed a Notice of Removal based on this Court's diversity jurisdiction. (Docs. 1, 2). On May 7, 2025, Plaintiff filed the instant Motion to Remand. (Doc. 5). Defendant timely filed a Response. (Doc. 6). Plaintiff did not file a Reply. (*See* Docket). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If it appears, however, that the district court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration in original) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—citizens of different states." 28 U.S.C. § 1332(a)–(a)(1). "To determine whether a defendant has met the amount-in-controversy requirement, [courts] first look to the complaint filed in state court to see whether it sets out the amount in controversy." *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 830 (11th Cir. 2017) (per curiam) (citing *Williams*, 269 F.3d at 1319). "If removal is based on diversity jurisdiction, the sum demanded in good faith in the initial

2

pleading is the amount in controversy." *DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 432 (11th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1446(c)(2)). "If an amount is not included, [courts] then look to the notice of removal or 'review the record to find evidence that diversity jurisdiction exists.'" *U.S. Bank Nat'l Ass'n*, 693 F. App'x at 830 (quoting *Williams*, 269 F.3d at 1319–20). "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

When a plaintiff makes a demand for damages in a complaint but does not specify an amount, it is up to the defendant to prove that the amount in controversy exceeds the jurisdictional requirement by a preponderance of the evidence. *Id.* (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). To meet that burden, the defendant must do more than simply make conclusive allegations in the notice of removal that the jurisdictional amount has been met; rather, the defendant must demonstrate support for their conclusions by "setting forth the underlying facts supporting such an assertion." *Williams*, 269 F.3d at 1319–20 (citations omitted). "If th[e] evidence is insufficient to establish that removal was proper . . . neither the defendant[] nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007) (citing *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978)). District courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" when deciding whether removal is proper. *Roe*, 613 F.3d at 1061–62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

## DISCUSSION

Plaintiff argues that the Court does not have subject matter jurisdiction because Defendant E.C. has not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. (Doc. 5 at 3–4). Defendant E.C. argues that Plaintiff's Complaint states that she "seeks damages for past, present, and future pain and suffering;

3

emotional distress; diminished capacity to labor; and other general damages typically recoverable in premises liability actions" and that Plaintiff issued a demand letter seeking $100,000.00 for her medical expenses and pain and suffering. (Doc. 6 at 3–6; *see* Doc. 5-1). Neither party argues that there is not complete diversity of citizenship.[1] *See* 28 U.S.C. § 1332(a)–(a)(1). Because, however, the Complaint includes a demand for damages but does not specify an amount, (*see* Doc. 2-1 at 6–7), the Court must determine whether Defendant E.C. has proven, by a preponderance of the evidence, that the amount in controversy requirement has been met. *Roe*, 613 F.3d at 1061.

"While [a] settlement offer, by itself, may not be determinative, it counts for something." *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (finding that a demand letter less than the jurisdictional threshold strongly supported remand); *see also Taylor v. Foremost Ins. Co.*, No. 5:15-CV-00164 (LJA), 2016 WL 11083156, at *5 (M.D. Ga. June 24, 2016) ("The $150,000 amount demanded in the November 26, 2012 Demand Letter suggests that Plaintiffs valued their insurance claim on the house in excess of $75,000."). And "a settlement offer that provides specific information to support a plaintiff's claim for damages and suggests that a plaintiff is offering a reasonable assessment of the value of the claim is entitled to more weight." *Sterling v. S. Dev. of Miss., Inc.*, No. 24-00281-JB-M, 2024 WL 5088381, at *2 (S.D. Ala. Dec. 12, 2024) (quoting *Fox. V. Winn-Dixie Montgomery, LLC*, No. 21-00306-CG-B, 2021 WL 4484564, *3 (S.D. Ala. September 13, 2021)). Here, Plaintiff sent Defendant E.C. a Demand Letter, dated November 15, 2024, in which she requested $100,000 to settle this matter. (Doc. 5-1). Plaintiff's Demand Letter was supported by incident-related medical records, medical bills,

---

[1] Defendant Home Outlet has not entered an appearance in this case. (*See* Docket). In her Motion for Remand (Doc. 5), Plaintiff does not dispute Defendant E.C.'s assertion in its Notice of Removal (Doc. 2) that Home Outlet is not a proper legal entity, but merely a trade name under which Defendant E.C. conducts business. Nor does she contest Defendant E.C.'s position that Home Outlet's citizenship should be disregarded for purposes of determining diversity jurisdiction. (*Id.* ¶ 8). Therefore, for purposes of this Motion the Court considers only the citizenship of Plaintiff and Defendant E.C. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Smith v. Comcast Corp.,* 786 F. App'x 935, 939–41 (11th Cir. 2019). Because neither are from the same state, diversity of citizenship has been established. *See* 28 U.S.C. § 1332(a)(1).

and an itemization of special damages related to this case. (*See id.*). It is therefore entitled to greater weight. *See Sterling*, 2024 WL 5088381, at *2.

Also, Plaintiff's Complaint states that she sustained injuries "including but not limited to her lower back, left hip area, left shoulder area, neck, and left shin" and that she "receives post-traumatic headaches[.]" (Doc. 2-1 at 4). Plaintiff also alleges that an MRI revealed disc protrusions from various nerve roots indicative of posttraumatic disc herniations, and that her other diagnoses include "lumbar facet joint pain, shoulder joint pain, low back pain, somatic dysfunction of sacroiliac, pelvic, and lumbar areas, paravertebral muscle spasm, and hip pain." (*Id.* at 5–6). Plaintiff alleges that she was transported by ambulance to the emergency room immediately following her fall and subsequently attended sixteen appointments in 2024 with either a chiropractor or a physiatrist. (*Id.* at 4–5). The Complaint requests "incident-related medical expenses" and "general damages due to her human losses." (Doc. 2-1 at 7). In Plaintiff's Objections and Responses to Defendant E.C.'s First Request for Admissions of Fact to Plaintiff (Doc. 2-3), she stated that she is seeking damages for "past pain and suffering," "past emotional distress," and "diminished capacity to labor." (*Id.* at 2–3, 4–5). Further, while Plaintiff has admitted that she has "incurred at least $30,000.00 in medical expenses," Plaintiff neither admitted nor denied that her damages were greater or less than $75,000. (*Id.*). Collectively, this is the sort of evidence that courts previously have found is sufficient to conclude that Defendant has satisfied its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Carr v. Halloway*, No. 5:09-CV-327 (HL), 2010 WL 3937407, at *3 (M.D. Ga. Oct. 1, 2010) (relying on "common sense" and "judicial experience" to conclude that pain-and-suffering damages sufficient to meet the jurisdictional minimum); *see also Kilmer v. Stryker Corp.*, No. 5:14-CV-456-OC-34PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014); *Roe*, 613 F.3d at 1064–66.

While the Parties may disagree on the exact amount in controversy, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). In light of Plaintiff's assertions in the Complaint, Responses to Defendant E.C.'s First Request for Admissions,

and the Demand Letter, Defendant E.C. has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Roe*, 613 F.3d at 1061–62.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. 5) is **DENIED**.

**SO ORDERED**, this 2nd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**